POWER & IRRIGATION CO. OF CLEAR LAKE v. ADAMSON et al.

(No. 2502)

(Circuit Court of Appeals, Ninth Circuit. October 4, 1915.)

COURTS ⚡312—UNITED STATES COURTS—JURISDICTION—SUBJECT OF ACTION.
    A suit to have a deed adjudged a mortgage, and for relief on that basis, including the removal of clouds, brought by the successor to the legal rights to the land of the one who executed the deed, is not one based on a chose in action, which could not be brought in the federal court if plaintiff's predecessor in interest could not bring it there.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. ⚡312.]

Appeal from the District Court of the United States for the Second Division of the Northern District of California; M. T. Dooling, Judge.

Suit by the Power & Irrigation Company of Clear Lake against J. M. Adamson and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for appellant.

S. C. Denson, John S. Partridge, Alan C. Van Fleet, A. E. Shaw, Bert Schlesinger, Denson, Cooley & Denson, and Mastick & Partridge, all of San Francisco, Cal., for appellees.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. This is an appeal from a judgment dismissing the suit for want of jurisdiction. The appellant is a citizen of Arizona, and the appellees are all citizens of California.

It appears from the bill that the Central Counties Land Company, a corporation of the last-mentioned state, borrowed certain moneys from the appellee L. D. Stephens, and solely for the purpose of securing the repayment of the moneys, with interest, it executed to him an instrument in writing, in the form of an absolute deed, covering certain lands then owned by and in the possession of the Land Company, situate in Lake county, Cal., and at the same time Stephens executed to the Land Company a defeasance, by which he agreed to reconvey the mortgaged property to the mortgagor upon repayment of the money with interest. The Land Company remained in possession of the property. Subsequently Stephens executed a purported deed covering the said land to the appellees J. L. Stephens and Joseph Craig, who, in turn, purported to convey the same property by absolute deed to the appellee Yolo Water & Power Company, all of which grantees took with knowledge of the original mortgage. The appellee Adamson, who was the tenant of the mortgagor at the time of the execution of the mortgage, has remained in possession of the land ever since, and first attorned to the Land Company, but subsequently at-

tempted to attorn to the appellee Yolo Water & Power Company, and now claims to be in possession for the latter company.

The various instruments being placed upon the records of the counties in which the lands are situated, the appellant brought this suit, alleging, in substance, the facts above detailed, as well as its succession to the legal right to the land formerly held by the Central Counties Land Company and so mortgaged, and praying, among other things, that the deed from the Central Counties Land Company to the appellee L. D. Stephens be adjudged a mortgage, for a discovery to ascertain the ownership of the mortgage debt, for an accounting of the rents and profits, and for the removal of the several alleged clouds upon the appellant's title created by the several alleged purported transfers of title.

The court below held that this, like the case numbered 2500 and entitled Power & Irrigation Company of Clear Lake, a Corporation, Appellant, v. Capay Ditch Company, a Corporation, et al., Appellees, just disposed of, was based upon a chose in action, and that the suit could not be brought in the federal court for the reason that the appellant's predecessor in interest, the Central Counties Land Company, being a corporation of the state of California, could not have brought it therein.

What has been held in the case of Power & Irrigation Company of Clear Lake v. Capay Ditch Company et al., No. 2500, 226 Fed 634, requires that the judgment in the present case be also reversed and the case remanded to the court below for further proceedings.

It is so ordered.